MEMORANDUM **
Brenda Nasser appeals the district court’s grant of summary judgment in fa *104 vor of AT & T Corporation (“AT & T”) on her sexual harassment claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
Under the California Fair Employment and Housing Act (FEHA), see Cal. Gov’t Code § 12940(j)(l), as with Title VII, to establish a sexual harassment claim based on hostile work environment, the employee must show the “workplace is permeated with ‘discriminatory intimidation, ridicule, and insult,’ that is ‘sufficiently severe or pervasive to alter the conditions of the victim’s employment and create an abusive working environment....’” Harris v. Forklift Sys., Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal citations omitted). The environment must be both subjectively and objectively hostile. Id. For an isolated incident to alter the terms and conditions of employment, it must be “extremely serious.” Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 271, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001).
Nasser points to a single incident — a skit performed at a meeting with a large audience, in which Nasser was portrayed — to support her claim. Though we agree that the skit was distasteful, we cannot say after considering the totality of the circumstances that it was sufficiently severe so as to create an abusive working environment.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.